Docket No. 21-14177

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

ISMETA KADRIBASIC,

Appellant

v.

WAL-MART, INC.,

Appellee

_____

On Appeal from the United States District Court
For The Northern District of Georgia, Atlanta Division
Docket No. 1:19-cv-03498-SDG

_____

BRIEF OF APPELLANT ISMETA KADRIBASIC

_____

DOUGLAS R. KERTSCHER, ESQ.
Georgia Bar No. 416265
JULIE H. BURKE, ESQ.
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
Attorneys for Appellant

## APPELLANT'S AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant Ismeta Kadribasic, pursuant to FRAP 26.1 and 11th Cir. R. 26.1-1, 26.1-2 and 26.1-3, hereby files her Amended Certificate of Interested Persons and Corporate Disclosure Statement, certifying that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1.   Grimberg, Steven D. (District Court Judge)

2.   Bly, Christopher C. (Magistrate Judge)

3.   Kertscher, Douglas R. (Counsel for Plaintiff/Appellant)

4.   Frye, Blake H. (Counsel for Plaintiff/Appellant)

5.   Burke, Julie H. (Counsel for Plaintiff/Appellant)

6.   Hill, Kertscher & Wharton LLP (Counsel for Plaintiff/Appellant)

7.   Kadribasic, Ismeta (Plaintiff/Appellant)

8.   Pope, Benson (Counsel for Defendant/Appellee)

9.   Day, Alison M. (Counsel for Defendant/Appellee)

10.   Gibson, Jacob (Counsel for Defendant/Appellee)

i

11.  Littler Mendelson, P.C. (Counsel for Defendant/Appellee)

12.  Wal-Mart, Inc. (NYSE: WMT) (Defendant/Appellee)

## <u>TABLE OF CONTENTS</u>

APPELLANT'S AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................................................i

TABLE OF CONTENTS ........................................................................ iii

TABLE OF AUTHORITIES ....................................................................v

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT REGARDING ORAL ARGUMENT ...............................................2

STATEMENT OF THE ISSUES.................................................................3

      a.  Eleventh Circuit Law on FMLA Notice ....................................................3

      b.  District Court Construed Evidence in Favor of the Movant ......................3

      c.  Interrelated Regulations ........................................................................3

STATEMENT OF THE CASE .................................................................4

STATEMENT OF THE FACTS ...............................................................5

    1.  Ms. Kadribasic's Employment.......................................................5

    2.  Ms. Kadribasic's Serious Health Condition....................................6

    3.  Ms. Kadribasic's November 8 and November 9 Requests for Leave .............8

    4.  Walmart's FMLA Leave Policy....................................................10

    5.  Walmart's Interference with Ms. Kadribasic's FMLA Leave ......................11

    6.  The Summary Judgment Order....................................................12

STANDARD OF REVIEW .....................................................................14

SUMMARY OF ARGUMENT ...............................................................14

ARGUMENT ....................................................................................17

a.  The District Court's Order conflicts with the governing FMLA notice standard ................................................................................................. 17

b.  When construed in her favor, sufficient record evidence creates a genuine issue of fact that unusual circumstances justify Ms. Kadribasic's failure to give notice to third-party administrator Sedgwick ................... 21

c.  Construed as a whole, the implementing regulations support a jury evaluating the adequacy of Ms. Kadribasic's notice ............................... 24

CONCLUSION ....................................................................................................... 29

CERTIFICATE OF COMPLIANCE ...................................................................... 31

CERTIFICATE OF SERVICE ............................................................................... 32

iv

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASE LAW**

*Acker v. Gen. Motors, LLC*, 853 F.3d 784 (5th Cir. 2017)......................................20

*Bradshaw v. Reliance Standard Life Ins. Co*., 707 F. App'x 599 (11th Cir. 2017) ..............................................................................................13

*Butler v. IntraCare Hosp. N.,* No. CIVA H-05-2854, 2006 WL 2868942 (S.D. Tex. Oct. 4, 2006) ......................................................................................26

*Crawford v. City of Tampa*, 464 F. App'x 856 (11th Cir. 2012) ......................19, 20

*Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379 (11th Cir. 2005)..........19, 21, 27

*Dallefeld v. Clubs at River City, Inc.*, No. 115CV01244JESJEH, 2017 WL 3013241 (C.D. Ill. July 14, 2017)........................................................22

*Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292 (11th Cir. 2018) ..............................................................................................14

*Gay v. Gilman Paper Co.*, 125 F.3d 1432 (11th Cir. 1997) .................13, 15, 19, 21

*Holloway v. D.C. Gov't*, 9 F. Supp. 3d 1 (D.D.C. 2013) .........................................26

*Jefferson v. Sewon Am., Inc.*, 891 F.3d 911 (11th Cir. 2018)..................................14

*Millea v. Metro–North R. Co.*, 658 F.3d 154 (2d Cir. 2011)...................................22

*Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739 (11th Cir. 1996) ...................23, 28

*Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012) ...................................................................................16, 17, 20, 25

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002) ................................18

*Ruark v. Arkansas Democrat-Gazette, Inc.*, No. 4:13-CV-00283-KGB, 2014 WL 1809606 (E.D. Ark. May 2, 2014)....................................................26

*Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199 (11th Cir. 2001)................................................................. 11, 18, 19, 20, 21, 27

*Vaughan v. World Changers Church Int'l, Inc.*, 2014 WL 4978439 (N.D. Ga. Sept. 16, 2014) ...............................................................................12, 18

*Verges v. Honda Mfg. of Alabama, LLC,* Civ. A. No. 11–1261, 2012 WL 3260367 (N.D. Ala. Aug. 8, 2012) ...............................................................22

*Villegas v. Albertsons, LLC,* 96 F. Supp. 3d 624 (W.D. Tex. 2015) ...........22, 26, 27

*White v. Beltram Edge Tool Supply, Inc*., 789 F.3d 1188 (11th Cir. 2015) ............18

*Woida v. Genesys Reg'l Med. Ctr.*, 4 F.Supp.3d 880 (E.D. Mich. 2014) ...............22

## STATUTES

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 1331 ...........................................................................................1

29 U.S.C. § 2601(a)(4)...........................................................................15, 18

29 U.S.C. § 2601(b)(2)...........................................................................15, 18

## FEDERAL RULES & REGULATIONS

29 C.F.R. § 825.303 ...........................................................................*passim*

29 C.F.R. § 825.304(d) .................................................2, 3, 14, 17, 25

29 C.F.R. § 825.304(e).................................................2, 3, 14, 17, 25

Fed. R. Civ. P. 56(a)...........................................................................14

## STATEMENT OF SUBJECT MATTER AND
## <u>APPELLATE JURISDICTION</u>

This case is an appeal of a portion of the summary judgment order entered by the United States District Court for the Northern District of Georgia on March 30, 2021 that dismissed Ms. Kadribasic's Family and Medical Leave Act ("FMLA") Interference Claim. Ms. Kadribasic bases her claim on Walmart's failure, under the FMLA, to grant leave that she requested due to her back injury, and Walmart subsequently terminating her employment the next day.  Subject matter jurisdiction on this federal question action arises from 28 U.S.C. § 1331.

After summary judgment, Ms. Kadribasic's Americans with Disabilities Act ("ADA") claims proceeded to a jury trial. Walmart admitted at trial that it was aware of Ms. Kadribasic's injury, that her injury hampered her job performance, that she was not granted FMLA leave, and that it fired Ms. Kadribasic allegedly for performance reasons during the period that she should have otherwise been on FMLA leave.  Following the jury trial, on October 28, 2021, the District Court entered judgment in Walmart's favor. Ms. Kadribasic timely noticed this appeal on November 24, 2021. Appellate jurisdiction lies pursuant to 28 U.S.C. § 1291.

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Kadribasic believes that oral argument is important because the case presents an issue of first impression in this Circuit, and oral argument will significantly aid the decisional process, considering:

- the appealed Order conflicts with the general FMLA notice standard established by the Eleventh Circuit, as well as the Eleventh Circuit's mandate to interpret the FMLA consistent with the statute's underlying purpose;

- the lack of Eleventh Circuit authority specifically addressing whether an employer waives its internal FMLA notice rules through the employer waiver provision in 29 CFR § 825.304(e), through its own non-compliance with the internal rules, and/or its failure to object to the employee's noncompliance; and

- the complex, inter-related regulatory provisions at issue concerning: an employee's obligation to comply with internal notice requirements *unless* there are unusual circumstances contained in 29 CFR § 825.303(c); the employer waiver provision in 29 CFR § 825.304(e); and the statement in 29 CFR § 825.304(d) that an employer's delaying FMLA coverage due to failure to comply with an internal policy "depends on the facts of the particular case."

## STATEMENT OF THE ISSUES

a.  **Eleventh Circuit Law on FMLA Notice.** Did the District Court commit error by ruling contrary to this Circuit's FMLA notice standard?  The District Court found "a fact question as to whether [Walmart] was aware of Kadribasic's need or desire to take FMLA leave" but still granted summary judgment on the grounds that Ms. Kadribasic's notice was inadequate as a matter of law.  Doc. 132, at 17.

b.  **District Court Construed Evidence in Favor of the Movant.** Walmart has an internal FMLA policy requiring that (1) employees must notify a third-party administrator of leave requests **and** (2) that a supervisor who receives an employee leave request must direct the employee to the third-party administrator. Did the District Court commit error by construing the evidence in favor of movant-Walmart when it failed to consider the supervisor's actions, inactions, and violation of the policy when determining whether there were unusual circumstances as contained in 29 CFR § 825.303(c)?

c.  **Interrelated Regulations**. Did the District Court commit error by applying one regulation in isolation and failing to consider two interrelated regulations: (1) 29 CFR § 825.304(e), which states that the "employer may waive employees' FMLA notice obligations or the employer's own internal rules on leave notice requirements[]"; and (2) 29 CFR § 825.304(d)'s provision that when "an

3

employee fails to give notice in accordance with § 825.303, the extent to which an employer may delay FMLA coverage for leave *depends on the facts of the particular case*[]"? (Emphasis added.)

## STATEMENT OF THE CASE

Ismeta "Tina" Kadribasic filed her Complaint on August 2, 2019 alleging claims under the FMLA: ADA Retaliation (Count One), ADA Discriminatory Discharge (Count Two), ADA Failure to Accommodate (Count Three), and FMLA Interference (Count Four). Doc. 1.

The Magistrate issued a Report and Recommendation ("R&R") recommending the grant of summary judgment as to all Ms. Kadribasic's claims. Doc. 122.

After Ms. Kadribasic served objections as to the dismissal of counts 2-4 (Doc. 125), and Walmart filed a brief opposing those objections (Doc. 129), the District Court overruled the R&R as to counts two (ADA) and three (ADA), and with regard to count four (FMLA), overruled the R&R's factual conclusion that Ms. Kadribasic did not give sufficient notice to her employer of her need for FMLA leave, instead finding "a fact question as to whether the latter was aware of Kadribasic's need or desire to take FMLA leave." Doc. 132, at 17.

However, the District Court sustained the R&R's grant of summary judgment as to the FMLA claim on grounds that were scantly argued or briefed by the parties:

4

Walmart's internal policy and 29 CFR § 825.303.  Doc. 132, at 17-21; *see* Doc. 122, at 86.  The Parties scantly briefed this issue because Walmart cited 29 CFR § 825.303 *for the first time* in its *response* to Ms. Kadribasic's objections to the R&R.[1] Doc. 129, at 22.  Ms. Kadribasic attempted to respond to this new authority (Doc. 130, at 1-4), but the District Court declined to consider her reply (Doc. 132, at 9).

At the trial of the two ADA claims, Walmart admitted facts that support Ms. Kadribasic's FMLA claim.

The jury ruled against Ms. Kadribasic as to the two ADA claims.  Doc. 183. The District Court entered Judgment on October 28, 2021. Doc. 184. On November 24, 2021, Ms. Kadribasic timely filed her Notice of Appeal to this Court of the District Court's dismissal of her FMLA Interference claim at summary judgment. Doc. 185.

## STATEMENT OF THE FACTS

### 1.    Ms. Kadribasic's Employment

Walmart employed Ms. Kadribasic for fifteen years and granted her eight (8) promotions, rising from part-time cashier to general manager of the Sam's Club located in Duluth, Georgia. Doc. 104-1, at 3-4.

---

[1] Walmart's summary judgment briefing is at Docs. 107-1, 112, 117 and does not refer to 29 CFR § 825.303.

5

In April 2018, Angela Taylor became the Atlanta-area market manager and, by extension, Ms. Kadribasic's supervisor. Doc. 111-1, ¶ 11.

On October 18, 2018, Ms. Kadribasic suffered a serious back injury while working. Doc. 122, at 9.

On November 8, 2018, Ms. Kadribasic requested leave from Taylor due to her back injury worsening. Doc. 95, at 187:13-188:20, 348:22-349:21. Ms. Kadribasic requested a few weeks of leave. Doc. 95, at 277:5-12. Taylor did not object to the leave request and did not refer Ms. Kadribasic to third-party administrator Sedgwick. Doc. 97, at 16:19-19:22[2], 19:7-9, 153:25-154:10.  The District Court agreed that, "viewed as a whole in a light most favorable to Kadribasic as the non-movant, the identified communications with Taylor were enough to create a fact question as to whether the latter was aware of Kadribasic's need or desire to take FMLA leave." Doc. 132, at 17.

On November 9, 2018, Taylor terminated Ms. Kadribasic for "Inability to Perform Job." Doc. 111-1, ¶ 104.

## 2.    Ms. Kadribasic's Serious Health Condition

Ms. Kadribasic injured her back at work on October 18, 2018 while trying to move a heavy pallet. Doc. 122, at 9. Ms. Kadribasic gave Taylor regular status

---

[2] The cited page numbers refer to the blue stamped ECF page numbers, not the deposition page number.

updates on her back injury, her work restrictions, and when she would need to miss work for her doctor's appointments. Doc. 95-31; Doc. 97-15; Doc. 104-6, at 12; Doc. 112-1, at 22 (admitting Fact No. 36); Doc. 97-18. Taylor admitted at her deposition that she was aware that Ms. Kadribasic's pain and doctor's appointments caused her to intermittently miss work on multiple occasions. Doc. 97, at 164:16-166:17.

On November 6, Ms. Kadribasic informed Taylor that she would miss work because of her back. Doc. 104-6, at 12. Taylor feared that Ms. Kadribasic's leave would cause Walmart to levy financial penalties against the Club. Doc. 97-20, at 2; Doc. 97, at 25:6-26:11, 171:14-172:7.

On November 7, 2018, Ms. Kadribasic missed a portion of the workday for her first orthopedist appointment. Doc. 112-1, at 24 (admitting Fact No. 40). Taylor was aware. Doc. 97, at 155:17-18, 156:2-4, 226:22-227:2.

Numerous events occurred on November 8, 2018. After meeting with Taylor to walk through the club and request leave, Ms. Kadribasic attended physical therapy, visited her orthopedist, and ultimately went to the emergency room due to pain. Doc. 112-1, at 24, 27 (admitting Fact Nos. 41, 46-47). Ms. Kadribasic received updated work restrictions and sent the restrictions to Taylor. Doc. 97, at 140:14-141:1; Doc. 97-18. The ER restricted Ms. Kadribasic from working on November 9, 2018, Doc. 104-7, at 23, the day that Taylor terminated her employment, Doc. 111-1, ¶ 104.

**3.     Ms. Kadribasic's November 8 and November 9 Requests for Leave**

Ms. Kadribasic testified at her deposition that she requested leave from Taylor on November 8: "On the 8th was when I had my breakdown, complete breakdown when she didn't let me have a break. And I said, hey, listen, I need some time off." Doc. 95, at 348:22-349:21 (cited in Doc. 111, at 5). Ms. Kadribasic testified, "I was very specific about I needed time off for my back injury." *Id*. at 187:13-188:20 (cited in Doc. 111, at 5). Ms. Kadribasic testified that she asked Taylor for leave: "I need some time off due to my back injury. On the 8th whenever I said I am going to take my baby bonding time which is my FMLA. . . .  I said I needed some time off due to my back injury." *Id.*

Taylor did not direct Ms. Kadribasic to Sedgwick nor did Taylor object to Ms. Kadribasic making the request directly to her. Doc. 97, at 16:19-19:22, 153:17-154:13.  At her deposition, Taylor admitted that she did not notify Ms. Kadribasic of her FMLA rights or direct her to Sedgwick. *Id.* at 153:17-154:13. Further, Taylor agreed that Walmart's FMLA Leave of Absences Management Guidelines policy applied to her. *Id.* at 18:18-19:9. Taylor simply denies that Ms. Kadribasic ever requested leave from her. *Id.*at 153:14-154:13.

Regarding Taylor's failure to direct her to Sedgwick, Ms. Kadribasic testified, "I wasn't sure what exactly I was going to do and I guess I was hoping for guidance from Ms. Angela." Doc. 95, at 189:3-5; *see also id.* at 349:4-6.

8

Ms. Kadribasic again requested leave the morning of November 9 (before the termination decision), the same day her emergency room visit took her out of work. Doc. 104-7, at 23. Taylor knew of Ms. Kadribasic's trip to the ER and that she was taken out of work on November 9. Doc. 112-1, at 27 (admitting fact nos. 46-47); Doc. 104-6, at 13; Doc. 97, at 191:20-193:10. Similarly, on the morning of November 9 (before the termination decision), Ms. Kadribasic told Taylor that she was unable to come to work because of her back injury. Doc. 104-6, at 13; Doc. 97, at 193:9-10 ("[S]he told me that she was going to be out on the 9th."). Ms. Kadribasic told Taylor that she was in too much pain to work and that "sitting hurts just as much [as] walking does." Doc. 96-21, at 46; *see also* Doc. 97, at 157:3-15; Doc. 95-20, at 64:2-6, 69:12-20. Taylor again did not direct Ms. Kadribasic to Sedgwick. Doc. 104-6, at 13-15.

Later on November 9, within hours of the termination decision, Ms. Kadribasic complied with Walmart's policy and requested leave from Sedgwick. Doc. 95, at 132:12-133:20.

Walmart has previously conflated two different conversations regarding leave that Ms. Kadribasic had with Taylor. Ms. Kadribasic discussed leave with Taylor on October 28/29, and then again on November 8. Ms. Kadribasic's conversation with Taylor where she expressed uncertainty about leave occurred on October 28/29, not November 8. *See*, *e.g.*, Doc. 95, at 185:5-15 ("I had a conversation with Angela on

October 28th or 29th . . . . I told her that I needed time off or that I was considering time off because I was not getting better due to my back injury."); *id.* at 268:10-16 ("I told her on the 29th of October that I was probably going to take some time off."); *id*. at 187:13-188:20 (distinguishing between October and November 8 conversations).

### 4.    Walmart's FMLA Leave Policy

Walmart maintains an internal policy called, "FMLA Leave of Absence Management Guidelines," which outlines "the procedures that must be followed when an associate requests FMLA leave." Doc. 97-3. This policy "appl[ies] to all supervisors and managers" and it places requirements on both the associate (Ms. Kadribasic) and the Company (Taylor). *Id.*

The policy lists the Associate [Ms. Kadribasic's] Requirements as, "If the need for leave is not foreseeable and the associate is unable to give 30 days' advance notice, s/he must do so 'as soon as practicable,' generally the same day or the following business day after learning that s/he needs to take leave." Doc. 97-3, at 1.[3] "If the need for leave is not foreseeable, the associate must provide notice as soon

---

[3] The Associate Requirements' first sentence provides that "[t]he policy requires associates to notify their manager and Sedgwick 30 days in advance of the need to take FMLA leave, if the need for leave is foreseeable." Doc. 97-3, at 1. This provision is inapplicable here, as the Parties agree that Kadribasic's need for leave was unforeseeable. *See* Doc. 132, at 16, n. 44.

as possible." *Id.* "The associate must contact Sedgwick to request a leave of absence." *Id.* at 2.

The Policy also identifies Company Requirements, which apply to "supervisors and managers" such as Taylor. *Id.* The Policy requires that, "[w]hen you become aware of an associate's need or request to take FMLA leave, direct the associate to contact Sedgwick." *Id.*. The Policy also requires: "you must recognize when an associate's request for time off is for an FMLA-qualifying circumstances and direct them to contact Sedgwick." *Id.* at 3. The Policy goes on to identify six qualifying circumstances, including medical. *Id.*

### 5.    Walmart's Interference with Ms. Kadribasic's FMLA Leave

Walmart did not ask Ms. Kadribasic about her need for leave or put her on leave.  Doc. 95, at 189:3-5; *see also id.* at 349:4-6; Doc. 97, at 153:17-154:13.[4] Walmart did not provide Ms. Kadribasic with the requested leave. Then Walmart fired her, claiming performance issues that were related to the injury and need for leave.[5] Doc.111-1, ¶ 104.

---

[4] An employee "need not expressly assert rights under the FMLA or even mention the FMLA." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208–09 (11th Cir. 2001). Once an employee informs his employer that potentially FMLA-qualifying leave is needed, the employer has the burden of ascertaining whether the employee's absence actually qualifies for FMLA protection. *Id.*

[5] *Vaughan v. World Changers Church Int'l, Inc.*, 2014 WL 4978439, at *18 (N.D. Ga. Sept. 16, 2014) (finding FMLA interference survived summary judgment when

**6.      The Summary Judgment Order**

Ms. Kadribasic appeals the summary judgment dismissal of her FMLA Interference claim. Doc. 185. At summary judgment, after finding "the identified communications with Taylor were enough to create a fact question as to whether the latter was aware of Kadribasic's need or desire to take FMLA leave," the District Court went on to dismiss her FMLA Interference claim finding that she had not given sufficient notice because she did not comply with Walmart's internal FMLA policy requiring that employees give notice to a third-party administrator. Doc. 132, at 17-20. This was a different ground than the Magistrate ruled on in his Report and Recommendation.[6]

In the summary judgment briefing, Ms. Kadribasic argued that Walmart waived its internal policy when Ms. Kadribasic's supervisor, Taylor, did not satisfy her own obligations under Walmart's policy, which stated that "[w]hen you become aware of an associate's need or request to take FMLA leave, direct the associate to

_____

plaintiff's termination was causally related to plaintiff's "likely need to take additional FMLA leave").

[6] The Magistrate found that "Plaintiff's own testimony shows that her alleged notice given on October 28/29 and November 8 was too uncertain to constitute sufficient notice under the FMLA." Doc. 122, at 86-87. Ms. Kadribasic focused on this ground in her objections to the R&R. Doc. 125, at 10-14. The District Court disagreed with the R&R, finding that, viewed as a whole in a light most favorable to Ms. Kadribasic, the communications with Taylor were enough to create a fact question. Doc. 132, at 9, 17. The District Court ruled on the internal notice policy basis, an issue on which the R&R did not rule. Doc. 122, at 86; Doc. 132, at 20.

contact Sedgwick." Doc. 97-3, at 2; Doc. 111, at 23.[7] Nonetheless, the District Court found as a matter of law that Taylor's failure to act did not obviate Ms. Kadribasic's obligation under the FMLA's regulations to notify the third-party administrator. Doc. 132, at 20, n. 52.

Because the District Court found sufficient evidence satisfying the Eleventh Circuit's notice standard (Doc. 132, at 17), the District Court was not authorized to make this finding as a matter of law. This Circuit prohibits "categorical rules" concerning the content of an employee's adequate FMLA notice, and focuses instead on whether the content of such notice is "sufficient to reasonably apprise [an employer] of the employee's request to take time off for a serious health condition." *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1435 (11th Cir. 1997).

When finding no evidence of unusual circumstances justifying Ms. Kadribasic's failure to comply with Walmart's internal policy, the District Court considered only Ms. Kadribasic's prior experience with maternity leave and did not consider Taylor's failure to comply with the internal rule, Taylor's failure to point out Ms. Kadribasic's noncompliance, the compressed timeframe between Ms.

---

[7] Arguing waiver in the summary judgment briefing preserved this issue for appeal. *Bradshaw v. Reliance Standard Life Ins. Co.*, 707 F. App'x 599, 605 (11th Cir. 2017) ("A party is entitled to rely on new cases as long as the issues on appeal were preserved.").

Kadribasic's request for leave and termination, or the extreme pain that Ms. Kadribasic experienced during this period of time. Doc. 132, at 20.

Finally, the District Court failed to consider 29 CFR § 825.304(e) or 29 CFR § 825.304(d). *See generally* Doc. 132.

## STANDARD OF REVIEW

Summary judgment rulings are reviewed de novo, viewing the evidence and all factual inferences in the light most favorable to the non-moving party. *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018). Summary judgment should only be granted when the pertinent facts are "obvious and indisputable" and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 920 (11th Cir. 2018); *see also* Fed. R. Civ. P. 56(a).

## SUMMARY OF ARGUMENT

This appeal presents an issue of first impression for this Circuit: whether a jury is entitled to evaluate the adequacy of an employee's FMLA notice when there is evidence that

- the company had actual notice of the employee's leave request;

- the employee did not comply with the employer's internal notice policy;

- the company failed to comply with its own internal notice policy; and

- the company failed to direct the employee or point out her noncompliance.

14

This Circuit has a well-established employee FMLA notice standard but it has not confronted a situation where the Circuit's standard is satisfied but the employer's internal rule is not and there is evidence that the employer waived its internal rule.

Congress enacted the FMLA "to *entitle* employees to take reasonable leave for medical purposes" because "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4); 29 U.S.C. § 2601(b)(2) (emphasis added).

Consistent with this statutory purpose, the Eleventh Circuit has declined to announce "categorical rules" concerning the content of an employee's FMLA notice. *Gay*, 125 F.3d at 1435. The "critical question" is whether the information imparted to the employer is "sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Id.* Here, the District Court agreed that Ms. Kadribasic satisfied the well-established standard, finding that "the identified communications with Taylor were enough to create a fact question as to whether the latter was aware of Kadribasic's need or desire to take FMLA leave." Doc. 132, at 17.

Yet, the District Court erred by departing from this Court's notice standard and announcing a new categorical rule: despite having actual notice, an employer may silently sit on its hands, because that employee fails to comply with "the employer's usual and customary notice and procedural requirements." Doc. 132, at

18 (citing 29 CFR § 825.303(c)). Employers should not use the FMLA's notice requirement as a "trap" for employees. *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1274 (11th Cir. 2012). Authorizing employers to sit on their hands, silently, while possessing actual knowledge of an injured worker's need for leave, will create a trap that frustrates the FMLA's purposes. The District Court ruled as a matter of law even though there is evidence that the employer also failed to comply with its policy and failed to object to the employee's noncompliance.

Second, when assessing whether unusual circumstances justified Ms. Kadribasic's failure to comply with the internal policy, the District Court improperly construed evidence in Walmart's favor. Doc. 132, at 20; 29 C.F.R. § 825.303(c). The District Court considered Ms. Kadribasic's experience requesting FMLA leave for the birth of her children, but did not consider Taylor's violation of the internal policy, Taylor's failure to point out Ms. Kadribasic's non-compliance, the compressed timeline between Ms. Kadribasic's request for leave and termination, and the extreme pain Ms. Kadribasic was experiencing during that timeframe.

Third, in addition to conflicting with the Eleventh Circuit's notice standard, the District Court's ruling conflicts with two interrelated regulations. When examining implementing regulations, a single regulation "cannot be read in isolation." *Pereda*, 666 F.3d at 1274. Here, the District Court did not consider that

16

the regulations provide that "[a]n employer may waive employees' FMLA notice obligations or the employer's own internal rules on leave notice requirements." 29 C.F.R. § 825.304(e).  Nor did the District Court consider that under the regulations, the failure to comply with an internal policy does not automatically justify denial of the leave, and it is a fact intensive inquiry that "depends on the facts of the particular case." 29 CFR § 825.304(d). The regulations addressing employee notice taken together make clear that a jury should determine whether under the facts of this particular case Walmart waived Ms. Kadribasic's obligation to comply with the policy.

Consistent with its general FMLA notice standard, the requirement to construe evidence in favor of the non-movant, and the implementing regulations, this Court should vacate the District Court's Order and remand for a trial on Ms. Kadribasic's claim.

## **ARGUMENT**

### a.  The District Court's Order conflicts with the governing FMLA notice standard.

The District Court found a jury issue on whether Ms. Kadribasic satisfied the governing FMLA notice standard, but proceeded to find her notice deficient as a matter of law because she did not comply with Walmart's internal rule. Doc. 132, at 17-18. The District Court's decision to elevate Walmart's internal rules above the Eleventh Circuit's standard amounts to error.

17

The FMLA's "central provision" guarantees eligible employees 12 weeks of leave in a 1-year period following certain events: a disabling health problem; a family member's serious illness; or the arrival of a new son or daughter. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86 (2002). Congress enacted the FMLA "to entitle employees to take reasonable leave for medical purposes" because "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4); 29 U.S.C. § 2601(b)(2). The FMLA "accommodates the important societal interest in assisting families by establishing minimum labor standard[s] for leave." H.R.Rep. No. 103–8(I), 103d Cong., 1st Sess.1993, at *21.

In this lawsuit, Ms. Kadribasic alleged an FMLA interference claim, which has two elements: (1) the employee was entitled to a benefit under the FMLA, and (2) her employer denied her that benefit.[8] *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).

---

[8] Although not the subject of the appeal, Walmart interfered with Ms. Kadribasic's FMLA leave by refusing to provide her with the leave she requested on November 8/9. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208–09 (11th Cir. 2001) (shifting burden to employer once employee provides notice). And Walmart interfered with her FMLA rights by terminating her employment, instead of providing the leave. *See Vaughan v. World Changers Church Int'l, Inc.*, 2014 WL 4978439, at *18 (N.D. Ga. Sept. 16, 2014) (finding FMLA interference survived summary judgment when plaintiff's termination was causally related to plaintiff's "likely need to take additional FMLA leave").

Walmart does not dispute that Ms. Kadribasic was experiencing a serious health condition, was FMLA eligible, and had leave available. Docs. 107-1, 112, 117. Nor does Walmart dispute that Ms. Kadribasic's need for leave was unforeseeable. Doc. 132, at 16, n. 44. The dispute concerns whether Ms. Kadribasic gave proper notice for her unforeseeable leave.

The Eleventh Circuit's standard on an employee's obligation to provide notice for unforeseeable FMLA leave is well-established.[9] Where an employee's need for FMLA leave is unforeseeable the Eleventh Circuit has said that "the employee need only provide [her] employer with notice sufficient to make the employer aware that [her] absence is due to a potentially FMLA-qualifying reason." *Strickland*, 239 F.3d at 1208–09. The Eleventh Circuit has declined to announce any "categorical rules" concerning the content of an employee's adequate notice beyond that an employee need not "even mention the FMLA." *Gay*, 125 F.3d at 1435; *Strickland*, 239 F.3d at 1209. The "critical question" is whether the information imparted to the employer is "sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Gay,* 125 F.3d at 1435. Once an employee informs his employer that potentially FMLA-qualifying leave is needed, the employer has the

---

[9] *See Strickland*, 239 F.3d at 1208–09; *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005); *Gay*, 125 F.3d at 1435. The opinion cited by the District Court relied on *Gay. See Crawford v. City of Tampa*, 464 F. App'x 856, 858 (11th Cir. 2012) (citing *Gay*, 125 F.3d at 1435).

burden of ascertaining whether the employee's absence actually qualifies for FMLA protection. *Strickland*, 239 F.3d at 1209.

The Eleventh Circuit has not squarely addressed whether an employee that provides notice sufficient to meet the above standard, but fails to comply with the employer's internal procedure, nevertheless provides sufficient notice.[10] Nor has this Circuit ruled on whether an employer can waive its internal requirements through violation of the rules itself and failing to point-out noncompliance.

But this Circuit has previously reversed a District Court's ruling that violated the purposes for which the FMLA was enacted and cautioned that the FMLA's notice requirement should not become a "trap" for employees. *See Pereda*, 666 F.3d at 1273-74. The notice requirement should be construed "to honor the purpose for which FMLA was enacted." *Id.* at 1275.

Here, the District Court agreed that the evidence created a jury issue as to whether Ms. Kadribasic provided Walmart with sufficient information to make it "aware that [her] absence is due to a potentially FMLA-qualifying reason." Doc. 132

---

[10]This Circuit has only cited the usual and customary notice requirement regulation (29 C.F.R. § 825.303(c)), in an unpublished decision in dicta. *See Crawford*, 464 F. App'x at 859. In *Crawford,* the employee did not provide FMLA notice until more than a month after she started taking leave, so the employee failed to satisfy the Eleventh Circuit's standard in addition to failing to comply the employer's internal rule. *Id.* Also, *Crawford* contained no facts invoking employer waiver. The District Court also cites a non-binding, post-1981, Fifth Circuit opinion, which does not involve employer waiver. *See Acker v. Gen. Motors, LLC*, 853 F.3d 784, 789 (5th Cir. 2017).

at 16. This finding satisfied the notice standard established in *Strickland*, *Gay*, and *Cruz* and ended the inquiry.

Finding inadequate notice as a matter of law when there is evidence that the employer had actual notice, Taylor did not object, and Taylor did not comply with the internal policy, does not honor the purpose for which the FMLA was enacted and converts the notice requirement into a trap. Allowing employers to silently sit on their hands is also inconsistent with the burden that this Circuit places on employers to ascertain whether the employee's absence qualifies for FMLA protection, once the employee satisfies her notice burden. *Strickland*, 239 F.3d at 1209. The jury should resolve whether Ms. Kadribasic gave adequate notice given the facts of the particular case, including her and Ms. Taylor's failure to comply with the policy.

### b. When construed in her favor, sufficient record evidence creates a genuine issue of fact that unusual circumstances justify Ms. Kadribasic's failure to give notice to third-party administrator Sedgwick.

A jury could reasonably find that Ms. Kadribasic was not required to comply with Walmart's internal notice policy because Taylor's violation of the policy and Taylor's failure to point out Ms. Kadribasic's noncompliance are "unusual circumstances" given the compressed timeline and Ms. Kadribasic's extreme pain.

The regulations do not require compliance with the employer's usual and customary policy requirements in unusual circumstances: "an employee must comply with the employer's usual and customary notice and procedural

21

requirements for requesting leave, <u>absent unusual circumstances</u>." 29 C.F.R. § 825.303(c) (emphases added). "Unusual circumstances" are not defined by the FMLA or the accompanying regulations. *See Verges v. Honda Mfg. of Alabama, LLC,* Civ. A. No. 11–1261, 2012 WL 3260367, at \*3 n. 2 (N.D. Ala. Aug. 8, 2012). Whether a plaintiff has demonstrated "unusual circumstances" is a question of fact. *Millea v. Metro-North R. Co.,* 658 F.3d 154, 162 (2d Cir. 2011).

"[A] reasonable juror could find that [the supervisor's] failure to follow or enforce [the employer's] FMLA procedures is an unusual circumstance that justified Plaintiff's noncompliance." *Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624, 634 (W.D. Tex. 2015); *see also Dallefeld v. Clubs at River City, Inc.*, No. 1:15-CV-01244, 2017 WL 3013241, at \*7-8 (C.D. Ill. July 14, 2017) ("[T]here circumstances could be found unusual. Robinson was aware that Dallefeld would be taking time off work for his knee issue."); *Woida v. Genesys Reg'l Med. Ctr.,* 4 F.Supp.3d 880, 896 (E.D. Mich. 2014) (opining that employer's acceptance of noncompliant requests for FMLA leave pursuant to company – union agreement "might fall with[in] the ... 'unusual circumstances' exception").

Here, the District Court found no unusual circumstances, "[g]iven the undisputed evidence that Kadribasic failed to comply with Walmart's policy regarding requesting FMLA leave, a policy she knew and had followed

22

previously…" Doc. 132, at 20.[11] This ruling erroneously draws inferences in Walmart's favor[12] by overlooking the evidence that Taylor violated Walmart's requirement that she direct Ms. Kadribasic to Sedgwick once she became aware that Ms. Kadribasic needed leave for a potentially FMLA qualifying reason. Doc. 97-3, at 2-3. Taylor was aware that Ms. Kadribasic was intermittently missing work due to back pain or to attend doctor's appointments, but she never directed Ms. Kadribasic to contact Sedgwick. *See supra* at 6-10. Nor did Taylor direct Ms. Kadribasic to Sedgwick on November 8 or the morning of November 9 when she requested leave. The District Court also did not consider the compressed timeframe on November 8. *See supra* at 7. Within the approximately twenty-four hours between Ms. Kadribasic's request for leave and her termination, Ms. Kadribasic went to physical therapy, went to the orthopedist, was in extreme pain, and went to the emergency room. *Id.* It would be reasonable for a jury to find that that since Talyor did not instruct her to fill out Sedgewick forms during the compressed time period, when she was in extreme pain, she did not. When construed in Ms. Kadribasic's

---

[11] A jury could find Ms. Kadribasic's prior experience with Sedgwick not determinative because each prior experience involved pregnancy. Here, with a work-related back injury (something she had not previously experienced0, Ms. Kadribasic "was hoping for guidance from Ms. Angela." Doc. 95, at 189:3-5; *see also id.* at 349:4-6.

[12] *See Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations[.]").

favor, these facts described above would allow a reasonable jury to find that Ms. Kadribasic demonstrated "unusual circumstances."

### c. Construed as a whole, the implementing regulations support a jury evaluating the adequacy of Ms. Kadribasic's notice.

When departing from the Eleventh Circuit's notice standard, the District Court relied on one of the FMLA's implementing regulations in isolation. Doc. 132, at 18 (citing 29 C.F.R. § 825.303(c)). This regulation requires that an employee comply with an employer's usual and customary notice procedures:

> **an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances**. For example, an employer may require employees to call a designated number or a specific individual to request leave. However, if an employee requires emergency medical treatment, he or she would not be required to follow the call-in procedure until his or her condition is stabilized and he or she has access to, and is able to use, a phone. Similarly, in the case of an emergency requiring leave because of a FMLA-qualifying reason, written advance notice pursuant to an employer's internal rules and procedures may not be required when FMLA leave is involved. **If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied.**

29 C.F.R. § 825.303(c) (emphases added).

This regulation does not require denial of FMLA leave. It is one thing to hold that compliance with notice procedures is required; it is quite another to say any noncompliance results in a particular consequence as a matter of law. For example,

the regulation says "may" not shall, allows for alternative consequences with the use of "or" in "delay or deny," and creates an exception for "unusual circumstances."

Further, the District Court erroneously considered Section 825.303(c) "in isolation." *Pereda*, 666 F.3d at 1274. Two interrelated regulations make clear that a jury should resolve whether Walmart waived its internal policy: 29 CFR § 825.304(e) and 29 CFR § 825.304(d).

First, the regulations provide a waiver defense. *See* 29 CFR § 825.304(e). Under the regulations, an "employer may waive employees' FMLA notice obligations or the employer's own internal rules on leave notice requirements." *Id.* The trial court did not consider this.

Second, the regulations make clear that this is a fact issue. The regulations clarify that, when "an employee fails to give notice in accordance with § 825.303, the extent to which an employer may delay FMLA coverage for leave depends on the facts of the particular case." 29 CFR § 825.304(d) (providing example of delaying FMLA coverage by two days). Nothing in the regulations necessarily require invalidation of an otherwise valid claim due to failure to comply with an internal policy. In fact, the regulations say the opposite by making the extent to which an employer may delay coverage dependent on the facts of the particular case.

The District Court's finding that as a matter of law, "Taylor's potential failure to act does not obviate Kadribasic's independent obligation under the FMLA's

25

regulations to notify the appropriate decision maker[,]" Doc. 132 at 20, n. 52, conflicts with the provision that an "employer may waive employees' FMLA notice obligations[,]" conflicts with the provision which places emphasis on the "facts of the particular case," and conflicts with § 825.303's use of "may" and "or." The District Court erred by considering one employee notice regulation in isolation and failing to consider the interrelated regulations.

Nationally, when the employer fails to object to an employee's noncompliance with the employer's internal notice policy, courts have found a jury issue on whether the employer waived the policy.[13] The issue should be presented to the jury because "the adequacy of an employee's notice requires consideration of the totality of the circumstances and is typically a jury question." *Ruark*, 2014 WL 1809606, at *5. As one court noted, even when it is "undisputed" that an employee did not comply with leave notice policy, "viewing the record evidence in the light most favorable to [employee], a reasonable jury could determine that [employee] provided enough information to put the [employer] on notice that he may have been in need of FMLA leave." *Id.* at *6.

---

[13] *See, e.g., Ruark v. Arkansas Democrat-Gazette, Inc.*, No. 4:13-CV-00283-KGB, 2014 WL 1809606, at *5 (E.D. Ark. May 2, 2014); *Villegas*, 96 F. Supp. 3d at 634; *Butler v. IntraCare Hosp. N.*, No. 05-cv-2854, 2006 WL 2868942, at *4 (S.D. Tex. Oct. 4, 2006) (genuine dispute on adequacy of notice when employee provided notice and supervisor failed to request compliance with internal policy); *Holloway v. D.C. Gov't*, 9 F. Supp. 3d 1, 7–8 (D.D.C. 2013) (finding fact issue on sufficiency of notice).

In similar factual circumstances, another Court has held that where the supervisor did not object to the employee's noncompliance with the internal notice policy, Walmart "cannot raise [Ms. Kadribasic's] noncompliance with its FMLA procedures as a defense to [Ms. Kadribasic's] interference claim—at least, not at the summary judgment stage." *Villegas*, 96 F. Supp. 3d at 634. "A genuine fact issue exists as to whether [the employer] waived its right to insist on [Ms. Kadribasic's] compliance with its FMLA procedures when [Ms. Kadribasic's] supervisor . . . failed to follow or enforce them." *Id.* Here, the District Court should have reached the same result on similar facts.

This Circuit has not ruled on the issue of employer waiver, but as discussed more fully in the first part of Appellant's argument on pages 17-21, finding a jury issue on employer waiver is consistent with this Circuit's law on FMLA notice. With unforeseeable FMLA leave, as here, "the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a *potentially FMLA-qualifying reason*." *Cruz*, 428 F.3d at 1382 (emphasis supplied and internal quotation omitted). Once the employee provides "sufficient notice to her employer that potentially FMLA-qualifying leave is needed," the employer bears the burden of ascertaining whether the employee's absence qualifies for FMLA protection. *Id.* at 1383 (*citing Strickland*, 239 F.3d at 1209); 29 C.F.R. § 825.303(b). Authorizing employers to sit on their hands, silently, while possessing actual

27

knowledge of an injured worker's need for leave conflicts with the burden that this Circuit places on employers to ascertain whether the employee's absence qualifies for FMLA protection and turns the notice requirement into a trap.

Here, at summary judgment, when the facts of this particular case are construed in Ms. Kadribasic's favor,[14] Walmart (through Ms. Kadribasic's supervisors) had *actual* notice that Ms. Kadribasic needed leave because her back injury was not improving,[15] Taylor violated the company's policy by failing to direct her to Sedgwick,[16] and Taylor never objected to Ms. Kadribasic requesting leave directly from Taylor.[17]

For weeks, Ms. Kadribasic informed Taylor that she would miss work to attend a doctor's appointment or informed Taylor that she was unable to attend work due to her back. *See supra* at 6-10 (chronicling Ms. Kadribasic's notice to Taylor). Taylor acknowledged that "Tina is constantly saying she is in pain and not working." Doc. 97-20. Walmart's policy required that Taylor "must recognize when an associates request for time off is for an FMLA-qualifying reason and direct them to contact Sedgwick." Doc. 97-3, at 2-3. Taylor was aware that Ms. Kadribasic was

[14] *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations[.]").

[15] Doc. 95, at 187:13-188:20, 348:22-349:21; Doc. 132, at 17.

[16] Doc. 97, at 153:17-154:13; Doc. 97-3, at 2-3.

[17] Doc. 97, at 16:19-19:22.

intermittently missing work to attend doctors' appointments and because of her back pain, but she never directed Ms. Kadribasic to inform Sedgwick of these absences. Nor did Taylor direct Ms. Kadribasic to Sedgwick on November 8 or the morning of November 9 when Ms. Kadribasic requested leave from Taylor.

Taylor does <u>not</u> contend that she referred Ms. Kadribasic to Sedgwick; rather, Taylor simply denies that Ms. Kadribasic requested leave. Doc. 97, at 16:19-19:22, 153:17-154:11. As the District Court recognized, if Ms. Kadribasic's communications to Taylor factually constitute sufficient FMLA notice, then Taylor likewise did not satisfy her own obligations under Walmart's policy. Doc. 132, at 20, n. 52. Walmart presents no evidence disputing that Ms. Taylor violated Walmart's policy. Doc. 112-1, at 33-35 (no evidence disputing Fact Nos. 56-58).

In conclusion, under the facts of this particular case, a jury is entitled to evaluate whether Walmart waived its notice policy given Taylor's failure to abide by the internal policy and failure to point out to Ms. Kadribasic that she should direct her requests to Sedgwick.

## CONCLUSION

The District Court agreed that, "viewed as a whole in a light most favorable to Kadribasic as the non-movant, the identified communications with Taylor were enough to create a fact question as to whether the latter was aware of Kadribasic's need or desire to take FMLA leave." Doc. 132, at 17. But its finding that Taylor's

29

potential failure to act does not obviate Ms. Kadribasic's obligation under the FMLA's regulations to notify the appropriate decision-maker amounts to legal error because a triable issue exists as to whether Walmart waived its internal requirement given: (1) the well-established Eleventh Circuit employee FMLA notice standard; (2) the unusual circumstance exception to 29 CFR § 825.303(c); and/or (3) the implementing regulations considered as a whole. Ms. Kadribasic is entitled to an order vacating and remanding for trial.

Respectfully submitted this 19th day of January, 2022.

_____
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
Attorneys for Appellant

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing Brief of Appellant complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,036 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f). The undersigned further certifies that this Brief of Appellant complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2016 in 14 point font.

_____
Douglas R. Kertscher
*Attorney for Appellant*

## CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served upon all counsel a true and correct copy of the within and foregoing **BRIEF OF APPELLANT ISMETA KADRIBASIC** using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

Benson Pope
Jacob Gibson
Littler Mendelson, PC
3424 Peachtree Rd Ne Ste 1200
Atlanta, GA 30326

This 19th day of January, 2022.

_____
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
Attorneys for Appellant