Docket No. 21-14177
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

ISMETA KADRIBASIC,

Appellant

v.

WAL-MART, INC.,

Appellee
_____

On Appeal from the United States District Court
For The Northern District of Georgia, Atlanta Division
Docket No. 1:19-cv-03498-SDG
_____

REPLY BRIEF OF APPELLANT ISMETA KADRIBASIC
_____

DOUGLAS R. KERTSCHER, ESQ.
Georgia Bar No. 416265
JULIE H. BURKE, ESQ.
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
Attorneys for Appellant

## APPELLANT'S AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant Ismeta Kadribasic, pursuant to FRAP 26.1 and 11th Cir. R. 26.1-1, 26.1-2 and 26.1-3, hereby files her Amended Certificate of Interested Persons and Corporate Disclosure Statement, certifying that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1.  Grimberg, Steven D. (District Court Judge)

2.  Bly, Christopher C. (Magistrate Judge)

3.  Kertscher, Douglas R. (Counsel for Plaintiff/Appellant)

4.  Frye, Blake H. (Counsel for Plaintiff/Appellant)

5.  Burke, Julie H. (Counsel for Plaintiff/Appellant)

6.  Hill, Kertscher & Wharton LLP (Counsel for Plaintiff/Appellant)

7.  Kadribasic, Ismeta (Plaintiff/Appellant)

8.  Pope, Benson (Counsel for Defendant/Appellee)

9.  Day, Alison M. (Counsel for Defendant/Appellee)

10. Gibson, Jacob (Counsel for Defendant/Appellee)

11. Littler Mendelson, P.C. (Counsel for Defendant/Appellee)

i

12. Wal-Mart, Inc. (NYSE: WMT) (Defendant/Appellee)

# **TABLE OF CONTENTS**

APPELLANT'S AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ......................................................i

TABLE OF CONTENTS...........................................................................iii

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ...................................................................................1

ARGUMENT & CITATION TO AUTHORITY ......................................4

    I.    THE DISTRICT COURT'S ORDER CONFLICTS WITH THE ELEVENTH CIRCUIT'S GOVERNING FMLA NOTICE STANDARD .........................................................................4

    II.    WHEN CONSTRUED IN HER FAVOR, SUFFICIENT RECORD EVIDENCE CREATES A GENUINE ISSUE OF FACT THAT UNUSUAL CIRCUMSTANCES JUSTIFY MS. KADRIBASIC GIVING NOTICE ONLY TO TAYLOR AND NOT SEDGEWICK.......8

    III.    WHEN CONSTRUED IN HER FAVOR, SUFFICIENT RECORD EVIDENCE CREATES A GENUINE ISSUE OF FACT IF THE COURT CONSIDERS BOTH 825.303 AND 825.304 ..........................13

    IV.    WALMART INTERFERED WITH MS. KADRIBASIC'S FMLA RIGHTS...................................................................................15

CONCLUSION ......................................................................................17

CERTIFICATE OF COMPLIANCE ......................................................19

CERTIFICATE OF SERVICE................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASE LAW

*Acker v. Gen. Motors, LLC*, 853 F.3d 784 (5th Cir. 2017)........................................6

*Am. Hosp. Ass'n v. Becerra*, No. 20-1114 (U.S. filed Feb. 10, 2021)........... 1, 2, 7-8

*Bradshaw v. Reliance Standard Life Ins. Co.*, 707 F. App'x 599 (11th Cir. 2017) ....................................................................................................................12

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ................................................................................................... 1-2, 6-7

*Crawford v. City of Tampa*, 464 F. App'x 856 (11th Cir. 2012) ...........................1, 6

*Gay v. Gilman Paper Co.*, 125 F.3d 1432 (11th Cir. 1997) ...............1, 2, 4, 5, 6, 17

*Goff v. Singing River Health Sys.*, 6 F. Supp. 3d 704 (S.D. Miss. 2014) .......... 12-13

*Harbert v. Healthcare Services Group, Inc.*, 391 F.3d 1140 (10th Cir.2004) ..........7

*Hobbs v. Sloan Valve Co.*, 2015 WL 4231743 (N.D. Ill. July 10, 2015) ...............10

*Lee v. U.S. Steel Corp.*, 450 F. App'x 834 (11th Cir. 2012) .......................................5

*Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293 (S.D. Ala. 2019) .....9

*Munoz v. Selig Enterprises, Inc.*, 981 F.3d 1265 (11th Cir. 2020)............................5

*Ortega v. San Juan Coal Co.*, 2013 WL 12116377 (D.N.M. Oct. 3, 2013)............11

*Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012) .....................................................................................................14

*Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233 (11th Cir. 2021) ...........4, 6

*Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608 (6th Cir. 2013) ..................12

iv

*Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199 (11th Cir. 2001) ............................................................................*passim*

*Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011) ......................13

*Uselton v. CSX Transp., Inc.*, 2014 WL 4388272 (N.D. Ohio Sept. 5, 2014).........10

*Vaughan v. World Changers Church Int'l, Inc.*, No. 1:13-CV-0746-AT, 2014 WL 4978439 (N.D. Ga. 2014) ...................................................................17

*Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624 (W.D. Tex. 2015) ......................14

*Wai v. Fed. Exp. Corp.*, 461 F. App'x 876 (11th Cir. 2012).....................................5

*Watson v. AFCO Steel, LLC*, No. 4:09-CV-00660-WRW, 2010 WL 4269235, at (E.D. Ark. Oct. 28, 2010) ..................................................................11

## STATUTES

29 U.S.C. § 2601(b)(1)................................................................................................7

29 U.S.C.A. § 2612 ....................................................................................................7

## FEDERAL RULES & REGULATIONS

29 C.F.R. § 825.302 ......................................................................................6, 12, 13

29 C.F.R. § 825.303 ...........................................................................3, 8, 12, 13, 14

29 C.F.R. § 825.304 .........................................................................................3, 14

## Introduction

Walmart's response brief concedes that Ms. Kadribasic presented sufficient evidence to create a jury issue on whether she provided adequate notice under the Eleventh Circuit's notice standard. *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208-09 (11th Cir. 2001); *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1435 (11th Cir. 1997). Under this Court's notice standard as applied in *Strickland* and *Gay*[1], that alone is enough to reverse the district court.

But Walmart claims that this long-standing precedent was effectively overruled by a 2009 amendment (setting forth categorical FMLA notice rules) to a Department of Labor ("DOL") regulation.[2]  Walmart makes this bold assertion despite failing to argue that the amendment to the regulation deserves any deference from the Supreme Court's test in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

While the vitality of the *Chevron* deference doctrine is under question[3], even if it is applied here, the 2009 amendment to the DOL regulation does not deserve

---

[1] There are no categorical rules concerning the content of an employee's adequate notice beyond that an employee need not even mention the FMLA. *Gay*, 125 F.3d at 1435; *Strickland*, 239 F.3d at 1209.

[2]  Walmart also cites *Crawford v. City of Tampa*, 464 F. App'x 856, 858 (11th Cir. 2012), but as discussed below, the language relied upon by Walmart was dicta.

[3] In December The U.S. Supreme Court heard oral arguments in *American Hospital Association v. Becerra* regarding whether *Chevron* deference should continue. During oral arguments, three (3) justices explicitly questioned the whether *Chevron*

*Chevron* deference. The 2009 amendment does not fill a gap in the statute and is arbitrary. Again, Walmart is silent on the issue. This Court's precedent in *Strickland* and *Gay* should apply, and notice standard announced in these cases demands that summary judgment be denied.

But this Court need not reach this legal issue of first impression, because of facts ignored by Walmart and the district court that make summary judgment improper. First, Walmart violated the very policy that it accuses Ms. Kadribasic of violating. Walmart's policy requires that its manager Taylor, "must recognize when an associate's request for time off is for an FMLA-qualifying circumstance ***and direct them to contact Sedgwick***." Doc. 97-3, Taylor Dep. Ex. 18, p. 3.[4] [Emphasis added]. It is undisputed that Taylor, after being informed that Ms. Kadribasic needed FMLA leave, did <u>not</u> direct Ms. Kadribasic to contact Walmart's third-party administrator Sedgwick.

Second, the unusual circumstances of Ms. Kadribasic's unforeseeable leave (different from her foreseeable pregnancy leave) include two visits to medical providers, and a visit to the emergency room in extreme pain on November 8. Ms.

_____

deference should continue. Transcript of Oral Argument at 5, 30-31, *Am. Hosp. Ass'n v. Becerra*, No. 20-1114 (U.S. argued Nov. 30, 2021). A decision in the *Becerra* case is expected at the end of the current term in June or July of 2022.

[4] The policy restates this obligation saying, "when you become aware of an associates need or request to take FMLA leave, direct the associate to contact Sedgwick." Doc. 97-3, Taylor Dep. Ex. 18, p. 2.

Kadribasic had never before sought leave from a workers' compensation injury (again, different from her pregnancy leave), was unfamiliar with how such leave was requested, and was looking for guidance from Taylor. (Doc. 95, 188-189 and 348-350). Taylor, as discussed above, failed to comply with Walmart policy. When construed in Ms. Kadribasic's favor, these facts authorize this Court to reverse the grant of summary judgment and order that a jury consider whether the circumstances justified Ms. Kadribasic in providing notice only to Taylor and not Sedgwick.

And, contrary to Appellee's contentions here, Appellant did sufficiently raise this issue below. Doc. 116, 6-7.

Finally, the Court need not reach the legal issue of first impression for another factual reason: allowing a jury to determine whether Walmart waived Ms. Kadribasic's obligation to provide notice to Sedgwick is consistent with the federal regulations when they are read as a whole. Walmart pays little attention to the two interrelated regulations (one of which addresses the issue of waiver), and the District Court ignored the interrelated regulations. Walmart's response brief does not even cite 29 C.F.R. § 825.304(d) which states, that when "an employee fails to give notice in accordance with § 825.303, the extent to which an employer may delay FMLA coverage for leave **depends on the facts** of the particular case." [emphasis added]. The regulations also expressly acknowledge that an employer "may waive employees' FMLA notice obligations." 29 C.F.R. § 825.304(e).

Reversing the trial court and allowing the jury to decide these issue(s) will not only uphold this Circuit's long-standing legal standard (as opposed to deeming it overruled as Walmart urges), but this result is also most consistent with the two interrelated DOL regulations at issue.

## Argument & Citation to Authority

I.    The District Court's Order conflicts with the Eleventh Circuit's governing FMLA notice standard.

The Eleventh Circuit has a well-established standard that an employee provides sufficient FMLA notice when the employee provides the employer with information "sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Gay,* 125 F.3d at 1435; *see also Strickland*, 239 F.3d at 1208–09. Once the employee satisfies her notice burden, the burden shifts to the employer to ascertain whether the employee's absence qualifies for FMLA protection. *Strickland*, 239 F.3d at 1209.[5] It is undisputed that Walmart did not attempt to meet this burden at summary judgment, and Walmart is silent on this point in its brief.

---

[5] This burden shifting was affirmed post-2009. *See Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1243 (11th Cir. 2021) ("When an employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, that triggers the employer's obligation to evaluate whether the employee's requested absence in fact qualifies for FMLA protection.")

Walmart's brief concedes that Ms. Kadribasic presented sufficient evidence that Ms. Taylor was aware of Ms. Kadribasic's need or desire to take FMLA leave. (Appellee Brief, p. 15). Under this Circuit's prevailing law, this concession means that the district court's order should be overturned.

Walmart is wrong in its assertion that the 2009 amendment overruled this Circuit's prevailing law.  After 2009, the Eleventh Circuit has continued to apply the long-held notice standard that an employee "simply needs to 'provide sufficient information for her employer to reasonably determine whether the FMLA may apply to the leave request.'" *Munoz v. Selig Enterprises, Inc.*, 981 F.3d 1265, 1276–77 (11th Cir. 2020) (citing *Strickland*). When "an employee's need for FMLA leave is unforeseeable, the employee need only provide [his] employer with notice sufficient to make the employer aware that [his] absence is due to a potentially FMLA-qualifying reason."  *Lee v. U.S. Steel Corp.*, 450 F. App'x 834, 837 (11th Cir. 2012) (quoting *Gay*); *see also Wai v. Fed. Exp. Corp.*, 461 F. App'x 876, 882 (11th Cir. 2012).

Walmart is correct that the Eleventh Circuit's prior opinions, "do not discuss the issue of whether an employee can reasonably be considered entitled to FMLA leave if the employee fails to follow the employer's established policy for requesting leave." (Appellee Brief, p. 17).  But allowing the jury to resolve the issue is consistent with this Circuit's admonition that FMLA notice should not become a

trap, should not apply categorical rules, and is also consistent with shifting the burden to the employer "to evaluate whether the employee's requested absence in fact qualifies for FMLA protection." *See Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1243 (11th Cir. 2021).

Walmart's reliance on *Crawford v. City of Tampa*, 464 F. App'x 856, 858 (11th Cir. 2012) is misplaced because the <u>Eleventh Circuit did not address this issue there</u>. *Crawford* quotes, but does not apply, 29 C.F.R. § 825.302(a). The reference to the federal regulation in *Crawford* was dicta because there, the employee did not provide FMLA notice until more than a month after her absence began. Therefore, the employee failed to satisfy the Eleventh Circuit's long held standard under *Strickland* and *Gay*. *Id.*

Further, the Fifth Circuit's decision in *Acker* in inapposite. In *Acker* there was no evidence that the employer's management failed to comply with the procedures or that the employer failed to object to the employees' non-compliance. *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 789 (5th Cir. 2017). Further, unlike Ms. Kadribasic who experienced acute medical issues during her period of requesting leave, there was no evidence that Aker experienced medical issues on the days in question. *Id.*

The 2009 amendment to the DOL regulation must not trump Eleventh Circuit precedent. Walmart fails to argue that the 2009 amendment is deserving of *Chevron*

deference, and it is not. The Supreme Court in *Chevron* held that this Court cannot abrogate its mandate as the "final authority on issues of statutory construction" and must "reject administrative constructions which are contrary to clear congressional intent." *Chevron,* 467 U.S. at 843 n. 9; *see also Harbert v. Healthcare Services Group, Inc.,* 391 F.3d 1140, 1150–1151 (10th Cir. 2004) (stating no deference is owed to a regulation that makes arbitrary distinctions).

Here, the FMLA statute only requires that an employee needing leave within thirty days provide "notice as is practicable," 29 U.S.C.A. § 2612. But the 2009 amendment to the DOL regulation is contrary to this clear congressional intent because it requires employees to follow strict reporting procedures that may, as in this case, go beyond what is "practicable." This is contrary to the plain language and the intent of the FMLA. The FMLA was intended to "balance the demands of the workplace with the needs of families," 29 U.S.C. § 2601(b)(1). The 2009 amendment dispenses with any pretense of balancing, instead favoring rigid and unilateral notice policies to a third party, that allow employers like Walmart to sit on their hands in the face of actual notice of an employee's need for FMLA leave.

And while the 2009 amendment to the DOL regulation cannot trump Eleventh Circuit precedent under *Chevron*, the entire notion of *Chevron* deference is on shaky ground. The U.S. Supreme Court granted certiorari in *American Hospital Association v. Becerra* to reexamine the *Chevron* doctrine, Petition for Writ of

Certiorari, *Am. Hosp. Ass'n v. Becerra*, No. 20-1114 (U.S. filed Feb. 10, 2021), and its opinion is due at the end of the current term in June or July of 2022. The Court and Its Procedures, https://www.supremecourt.gov/about/procedures.aspx (last visited Apr. 20, 2022).

When long standing Eleventh Circuit precedent is applied to the undisputed facts here, reversal of the trial court is mandated.

II.    When construed in her favor, sufficient record evidence creates a genuine issue of fact that unusual circumstances justify Ms. Kadribasic giving notice only to Taylor and not Sedgewick.

If the Court considers, the 2009 Amendment to the federal regulations, reversal of the trial court is still mandated.  Walmart's response brief overlooks two categories of facts that create a dispute with respect to whether "unusual circumstances" justified her giving notice only to Taylor and not Sedgewick: Taylor's noncompliance with Walmart's policy and Ms. Kadribasic's medical condition.  29 C.F.R. § 825.303(c).

Walmart's response brief does not address that it maintains a policy, which applies to Taylor, requiring that, "When you become aware of an associate's need or request to take FMLA leave, direct the associate to contact Sedgwick." Doc. 97-3, Taylor Dep. Ex. 18, p. 2; *see also id*., p. 3 ("you must recognize when an associate's request for time off is for an FMLA-qualifying circumstance and direct them to contact Sedgwick."). Walmart's brief also ignores that even though Taylor

8

was aware that Kadribasic attended multiple doctors' appointments and physical therapy appointments for her back,[6] Taylor never did "direct [Ms. Kadribasic] to contact Sedgwick." Doc. 97-3, Taylor Dep. Ex. 18, p. 2; Doc. 97-20, Taylor Dep. Ex. 34, p. 1; Doc. 104-6, p. 9 (contact "me" not Sedgwick).

Another district court in this Circuit found a fact issue on "unusual circumstances" when the employer failed to comply with its internal notice policy. *See Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293, 1307–09 (S.D. Ala. 2019). In *Moore*, the defendant's FMLA policy required an employee to give notice to both her supervisor and Human Resources. *Id.* The defendant also required a manager receiving notice of a potentially FMLA-qualifying leave to tell the employee to contact Human Resources. *Id.* The plaintiff gave notice of her need for potentially FMLA-qualifying leave to two managers. *Id.* Neither manager told the plaintiff to contact Human Resources. *Id.* "Regardless of whether the plaintiff should have known from the handbook that she was required to contact Human Resources, from the moment she advised [her store manager] of her need for FMLA-qualifying leave she was entitled by the defendant's own policy to be told or reminded to do so." *Id.* From the evidence in the record, a jury could reasonably find

---

[6] For example, on October 29 Ms. Kadribasic informs Ms. Taylor that she is going home following a doctor's appointment because she is in an incredible amount of pain. Doc. 104-6, p. 9. Taylor directs Ms. Kadribasic, "Ok. Please contact <u>me</u> when you are back at work." (emphasis added). *Id.* She does not direct her to contact Sedgwick.

that "unusual circumstances" existed here because "Defendant's actions could have misled Plaintiff into believing that strict compliance with the notice requirements was not necessary." *Hobbs v. Sloan Valve Co.*, 2015 WL 4231743, at *11 (N.D. Ill. July 10, 2015); *Uselton v. CSX Transp., Inc.*, 2014 WL 4388272, at *5 (N.D. Ohio Sept. 5, 2014) (countervailing instruction from employer not to comply with customary procedure created a fact issue that there were unusual circumstances).

The same common sense rationale applies here. Walmart's brief ignores its manager's violation of the very policy it seeks to enforce against Ms. Kadribasic. Walmart instead shifts the blame to Ms. Kadribasic, contending that she should have known to also contact Sedgwick regarding her back injury because she contacted Sedgwick for her maternity leave. Walmart's argument requires the Court to weigh or resolve these factual issues, which it cannot do at summary judgment.

The record shows a factual dispute regarding Ms. Kadribasic's familiarity with how Walmart's policy applied to her unforeseeable leave caused by a workers' compensation back injury. Ms. Kadribasic testified that was seeking guidance on the proper procedure from Taylor, Doc. 95, 348-350; *see also* Doc. 95, at 188-189 (hoping for guidance from Taylor), and did not understand that the FMLA applied to the leave requests for her work-related back injury. (*Id*. at 96, 98). As further evidence of her confusion, the leave request that Ms. Kadribasic put into Sedgwick

a few hours after her termination was for "baby bonding" leave[7], not for her back or for a serious health condition. *Id.* at 132, 414-417; Doc. 96-26, Ex. 58 to Kadribasic Dep., p. 4 ("requested baby bonding leave beginning on 11/08/2018."). A jury could find that Ms. Kadribasic had previously requested FMLA leave for her planned maternity leaves, but was not aware that the FMLA provided coverage for her unforeseeable workers' compensation related back injury.

Second, a jury could find that Ms. Kadribasic's rapidly deteriorating and painful medical condition constituted "unusual circumstances."  At the same time she sought guidance from Taylor, Ms. Kadribasic went to physical therapy, went to the orthopedist, was in extreme pain, and went to the emergency room. Similar "severe, debilitating migraine[s]" have been sufficient to create a fact issue on whether unusual circumstances existed. *Ortega v. San Juan Coal Co.*, 2013 WL 12116377, at *17 (D.N.M. Oct. 3, 2013); *Watson v. AFCO Steel, LLC*, No. 4:09-CV-00660-WRW, 2010 WL 4269235, at *4 (E.D. Ark. Oct. 28, 2010) (whether "sleepiness" was an unusual circumstance is a question of fact).

Ms. Kadribasic's position is not new. In the original summary judgment briefing before the Magistrate, Ms. Kadribasic did discuss Taylor's failure to refer her to Sedgwick and Ms. Kadribasic's acute medical condition in the twenty-four

---

[7] Baby bonding leave is additional maternity leave that Ms. Kadribasic had because she returned to work early before exhausting her maternity leave.

hours between when she requested leave from Taylor and Taylor's decision to terminate her employment.  Doc. 116, 6-7.

When Walmart cited 29 C.F.R. § 825.302[8] *for the first time* in its *response* to Ms. Kadribasic's objections to the R&R[9] (Doc. 129, at 22), Ms. Kadribasic attempted to respond to this new authority (Doc. 130, at 1-4), but the District Court declined to consider her reply (Doc. 132, at 9).  Kadribasic need not present her arguments on appeal in precisely the same as she did at the district court level. *Bradshaw v. Reliance Standard Life Ins. Co.*, 707 F. App'x 599, 605 (11th Cir. 2017). A party may take a "new approach" to an issue preserved for appeal; she may improve how she articulated the same arguments when she was before the district court, and a good attorney often does. *Id.*

Walmart cites a number of inapposite decisions from throughout the country. The cases cited by Walmart are inapplicable because they do not contain evidence of the employer's failure to comply with its own internal policy or the unique medical circumstances, like here. *See Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 615 (6th Cir. 2013) ("there is no evidence that Dana waived its call-in requirements for White during his October absences."); *Goff v. Singing River Health*

---

[8] When Walmart first cited the regulation, it incorrectly cited the version of the regulation applying to foreseeable leave.

[9] Walmart's summary judgment briefing is at Docs. 107-1, 112, 117 and does not refer to 29 C.F.R. § 825.303 or 29 C.F.R. § 825.302 for that matter.

*Sys.*, 6 F. Supp. 3d 704, 711 (S.D. Miss. 2014) (holding summary judgment is appropriate in an FMLA case without evidence of unusual circumstances excusing employee's failure to call employer timely). Walmart also cites *Twigg*, which is distinct because unlike this case, the decisionmaker in *Twigg* was unaware of the employee's request for FMLA leave. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1009 (10th Cir. 2011).

Finally, Walmart incorrectly argues that Ms. Kadribasic must establish that something "physically prevented her" from contacting Sedgwick to establish an unusual circumstance. This unique position is inconsistent with the plain language of the regulations, which says "justify", 29 C.F.R. § 825.303. Walmart's unique position is inconsistent with the regulation's only example of unusual circumstances: an employee who cannot give notice at the employer's specified number because there is no one to answer the call or the mailbox is full. 29 C.F.R. § 825.302(d).

This Court need not consider 29 C.F.R. § 825.303 in light of the long-standing Eleventh Circuit precedent that controls here, but in the event that it does, there are ample factual disputes in the record regarding whether "unusual circumstances" exist. These facts demand a jury trial.

III.    When construed in her favor, sufficient record evidence creates a genuine issue of fact if the Court considers both 825.303 and 825.304.

In addition to being consistent with this Circuit's longstanding precedent, allowing the jury to evaluate the adequacy of Ms. Kadribasic's notice is most

13

consistent with the whole of the DOL's regulations. Walmart, like the District Court, erroneously considered Section 825.303(c) "in isolation." *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1274 (11th Cir. 2012).

Neither the district court nor Walmart's response brief cited Section 825.304(d) which states, that when "an employee fails to give notice in accordance with § 825.303, the extent to which an employer may delay FMLA coverage for leave **depends on the facts** of the particular case." 29 CFR § 825.304(d) (emphasis added) (providing example of delaying FMLA coverage by two days). This regulation also provides that an "employer may waive employees' FMLA notice obligations or the employer's own internal rules on leave notice requirements." *See* 29 CFR § 825.304(e).

Walmart argues that because during the litigation it raised its policy as a defense, Ms. Taylor could not have waived the policy during the course of Ms. Kadribasic's employment. This illogical position highlights why a jury issue exists here. Because Ms. Taylor failed to follow Walmart's notice procedures, a reasonably jury can find that Walmart waived the policy through Taylor's failure to follow or enforce Walmart's FMLA policy. *See Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624, 634 (W.D. Tex. 2015) (finding fact issue on whether employer waived right to insist on employee's compliance with its FMLA procedures when supervisor failed to follow or enforce them).

14

IV.    Walmart Interfered with Ms. Kadribasic's FMLA Rights

In the last two (2) pages of its brief, Walmart seeks summary judgment on an affirmative defense (where it has a higher standard[10]) not relied upon by the trial court as its grounds for granting summary judgment on the FMLA claim.   Instead, the trial court found factually opposite to Walmart's position here, finding (in part) that "Taylor's and Stinson's text messages on November 6 constitute evidence that would allow a reasonable factfinder to draw causal connection between Kadribasic's alleged disability and her termination." Doc. 132, p. 29.

Importantly, the trial court was assessing the facts against an Americans with Disabilities Act ("ADA") claim, which has _higher burden to show intent_ than the current FMLA interference claim, where there is no such burden.

The November 6 text message referred to by the trial court came after Ms. Kadribasic _asked for time off due to her serious health condition_, Doc. 104-6, p. 12, and within minutes, Ms. Taylor (who ultimately terminated Ms. Kadribasic) sent a text message to a co-manager connecting Ms. Kadribasic's request for leave with discipline and discussing the "major [financial] los[s]" that _her need for leave_ would

---

[10] FMLA interference does not require that a plaintiff show intent. _Strickland v. Water Works & Sewer Bd. of City of Birmingham_, 239 F.3d 1199, 1208 (11th Cir. 2001) (a plaintiff "does not have to allege that his employer intended to deny the right; the employer's motives are irrelevant.")

cause Ms. Taylor's store. Doc. 97-20, Taylor Dep. Ex. 34, p. 1-2; Doc. 97, Taylor Dep. 19:1-19, 24:6-25:11, 170:2-171:7.

Then, on November 8, Kadribasic again sought leave after she went to the emergency room in severe pain from her serious medical condition. Walmart agrees that Taylor did not decide to fire Ms. Kadribasic _until November 9_.  Doc. 97, Taylor Dep., p. 218-219.

Where the employee has satisfied her notice obligation (as found here by the trial court), summary judgment should be denied because the employer would have interfered with her FMLA rights by terminating her without first providing leave. _See, Strickland v. Water Works & Sewer Bd. of City of Birmingham_, 239 F.3d 1199, 1209 (11th Cir. 2001).  In _Strickland_ the employee was experiencing a diabetic heart attack, he left work, and the employer terminated him for walking off the job. _Id._ There was a dispute about the adequacy of the employee's notice, but this Circuit found that an FMLA interference claim survived summary judgment because if the jury found that the employee satisfied his notice obligation, leave should first have been granted. _Id._

Here, if Ms. Kadribasic provided adequate notice and is on leave on November 8 (or sooner, October 28-29, November 6), then like in _Strickland_, Walmart engages in FMLA interference for terminating Ms. Kadribasic for alleged job performance issues on November 9. It cannot be held as a matter of law that Ms.

16

Kadribasic would have been dismissed regardless of any request for FMLA leave. See also, *Vaughan v. World Changers Church Int'l, Inc.*, No. 1:13-CV-0746-AT, 2014 WL 4978439, at *17–18 (N.D. Ga. 2014) (FMLA interference claim survived summary judgment where evidence show employer's decision to fire the plaintiff was causally related to his "likely need to take additional FMLA leave.")

These are disputed issues of fact that a jury should determine under the standard for an FMLA interference (different from the ADA standard). A jury is entitled to evaluate whether Walmart would have terminated Ms. Kadribasic regardless of her FMLA request given the contemporaneous documents linking the leave request with discipline, financial motive, temporal proximity, treatment of comparators, absence of investigation, and lengthy delay for pretextual discipline.

## Conclusion

In conclusion, this FMLA interference case presents a fact rich dispute suited for resolution by a jury. Consistent with the long-held standard articulated in *Strickland* and *Gay*, there are no categorical rules relating to the adequacy of Ms. Kadribasic's FMLA notice.  This prohibition includes categorical rules relating to an employee's compliance with an employer's internal notice policy.

A jury must weigh the witnesses' credibility and testimony on Taylor's noncompliance with Walmart's requirement that she direct Ms. Kadribasic to contact Sedgwick, against Ms. Kadribasic's experience requesting maternity leave

17

from Sedgwick but need for guidance on how to request unforeseeable leave for a back injury that arose in a workers' compensation context. A genuine fact issue exists as to whether Walmart waived its right to insist on Ms. Kadribasic's compliance with its FMLA procedures when her supervisor, Ms. Taylor, failed to follow or enforce them. Accordingly, a reasonable juror could find that Ms. Taylor's failure to follow or enforce Walmart's FMLA procedures is an unusual circumstance that justified Ms. Kadribasic provided notice only to Taylor.

The Court cannot weigh or resolve these factual issues surrounding the application of Walmart's policy, and therefore summary judgment on this issue was inappropriate and should be reversed.

Respectfully submitted this 25th day of April, 2022.

_____
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
*Attorneys for Appellant*

18

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing Reply Brief of Appellant complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,239 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f). The undersigned further certifies that this Brief of Appellant complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2016 in 14 point font.

_____
Douglas R. Kertscher
*Attorney for Appellant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date caused to be served upon all counsel a true and correct copy of the within and foregoing **REPLY BRIEF OF APPELLANT ISMETA KADRIBASIC** using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

> Benson Pope
> Littler Mendelson, PC
> 3424 Peachtree Rd Ne Ste 1200
> Atlanta, GA 30326
>
> Elissa B. Haynes
> Meredith R. Guerrero
> DREW ECKL & FARNHAM, LLP
> 303 Peachtree Street, NE, Suite 3500
> Atlanta, GA 30308

This 25th day of April, 2022.

_____
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON LLP
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, GA 30339
drk@hkw-law.com
jb@hkw-law.com
Telephone: (770) 953-0995
*Attorneys for Appellant*